## STATE OF FLORIDA v PALAZZOTTO

### Case No. 87-103AC10 (County Court Case No. 87-2091MM10)

Seventeenth Judicial Circuit, Broward County

September 6, 1989

### APPEARANCES OF COUNSEL

**James P. McClane,** Assistant State Attorney, for appellant.

**Howard Zeidwig,** for appellee.

### OPINION OF THE COURT

ROBERT CARNEY, Circuit Judge.

THIS CAUSE having come before this Court upon the State's appeal of the Trial Court's Order Suppressing the Evidence, and the Court having received and reviewed appellate briefs, and being fully advised in the premises, makes the following findings of facts and conclusions of law:

FINDINGS OF FACTS:

1. On or about July 1, 1987 Circuit Court Judge Mark Speiser

signed an order of determination of probable cause of obscenity for the video "To Lust in L.A."

2. On or about July 30, 1987 Detective James Hughes rented said video at Michelles Video located at 4317 Pine Island Road, Sunrise, Ft. Lauderdale.

3. On or about July 31, 1987, Detective Hughes applied for a search warrant which Circuit Court Judge Thomas Coker signed. The warrant directed the officers to search Michelles Video for the video "To Lust in L.A."

4. On July 31, 1987, the detective returned the video he had rented previously and then executed the warrant and seized the copy of the video and arrested the defendant.

CONCLUSIONS OF LAW:

A. Pursuant to *N.Y. v P.J. Video,* 475 U.S. 868, 106 S. Ct. 1610 (1986) the probable cause standard used to review warrant applications generally, is that where there is a "fair probability" that evidence of a crime will be found in the particular place to be searched, the warrant should issue.

B. Probable cause is not established by a fixed and rigid formula but rather through a "totality of the circumstances" approach. A magistrate is obligated to render judgment based upon a common-sense reading of the entire affidavit. *Spineelli v U.S.,* 393 U.S. 410, 89 S.Ct. 584 (1969).

C. Search warrants which are based upon an affidavit showing probable cause that at some future time, but not presently, certain contraband will be at the location set forth in the warrant are valid. *Bernie v State,* 524 So.2d 988 (Fla. 1988).

D. Accordingly, we find that due to the nature of the video rental business there was a fair probability that the video in question would be there or would be located there at sometime in the future. The warrant contained sufficient probable cause to lead a detached magistrate to the conclusion that the video "To Lust in L.A." was on the premises of Michelles Video.

WHEREFORE, it is ORDERED AND ADJUDGED that the Trial Court's Suppression of the Evidence is hereby REVERSED.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Florida 33301, this 6th day of September, 1989.